**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**

MAR 1 7 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| **KIMBERLY GILYARD, RN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 5:07-cv-00650-OLG** |
| | § | |
| **TEXAS LAUREL RIDGE** | § | |
| **HOSPITAL LP, d/b/a LAUREL RIDGE** | § | |
| **HOSPITAL,** | § | |
| | § | |
| **Defendant.** | § | |

## KIMBERLY GILYARD, RN'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT TO RESPOND TO PRODUCTION OF ORIGINAL EMPLOYMENT RECORDS AND INCIDENT REPORTS

Kimberly Gilyard, RN ("Plaintiff") asks the Court to compel Texas Laurel Ridge Hospital, LP d/b/a Laurel Ridge Hospital ("Defendant") to respond to production of original employment records to Kimberly Gilyard, RN's discovery requests.

### A.  Introduction

1.      Plaintiff is Kimberly Gilyard, RN; Defendant is Texas Laurel Ridge Hospital, LP d/b/a Laurel Ridge Hospital.

2.      Plaintiff sued defendant for discrimination, retaliation and harassment.

3.      On February 18, 2008, (*See* Exhibit A); March 5, 2008, (*See* Exhibit B); and March 11, 2008, (*See* Exhibit C) and continues to stall (*See* Exhibit D), counsel requested to review the original personnel file of Kimberly Gilyard together with all original documents including Incident Reports and any other relevant documentation related to the April 7, 2002 incident on the San Saba Unit.  Defendant has not complied with this discovery request and the Court should compel Defendant to comply.

1

4.     Plaintiff conferred with Defendant in a good-faith effort to resolve the dispute without Court action, as required by Federal Rule of Civil Procedure 37(a)(2)(B) and as shown in the attached certificate of conference, and copies of correspondence (*See* Exhibit A-D), but was unable to resolve the dispute.  Plaintiff conferred with Defendant in a good faith effort to resolve the dispute without Court action, as required by the Federal Rule of Civil Procedure 37(a)(2)(B) and as shown the attached copies of repeated correspondence (*See* Exhibit A-D), but has been unable to resolve the dispute.

## B.  Argument

5.     The Court may compel responses to discovery if a party does not (i) answer questions submitted under Federal Rule of Civil Procedure 30 or 31; (ii) make a designation under Rule 30(b)(6) or 31(a); (iii) answer an interrogatory submitted under Rule 33; or (iv) respond to a request for inspection submitted under Rule 34.  FED R. CIV. P. 37(a)(2)(B).

6.     Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case.  FED. R. CIV. P. 26(b).  Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence."  *Id*.

7.     The Court should grant Plaintiff's Motion to Compel for the following reasons:

a.     Defendant has not provided Plaintiff with access to records which are material and relevant to Plaintiffs claims and defenses in this lawsuit.  The information responsive to Plaintiffs request is necessary to this litigation because Defendant has affirmatively represented that the material documentation (Plaintiffs reports to State Agencies) do not exist.  *See* Gilyard Deposition page 63, line 24-64, and line 15 (*See* Exhibit E).

b.     Incredibly, counsel for Laurel Ridge stated that he "has no idea what the April 7, 2002 incident on the San Saba Unit" is.   Plaintiff not only produced the documents on January 11, 2008 as a supplement to discovery (P00106-00114) (see Exhibit "E-2") but counsel-even examined Plaintiff on the subject at the time of her deposition.  (*See* Gilyard Deposition page 63, line 24-64, and line 15 attached as Exhibit E.

2

c.   Defendant's retaliation against Plaintiff for reporting violations of law to a State Agency began in April 2002 when Defendant learned that Plaintiff had reported violations of law and continued to report violations of staffing regulations through the date of Plaintiff's discharge in October 2006.   Defendant has alluded to violations of patient confidentiality laws and HIPPA associated with Plaintiff's production of key documents to the EEOC all retained in support of her defense of disciplinary actions.   This evidence is material as Plaintiff can show that Defendant's destruction of original documents in front of Plaintiff, and necessitated Plaintiff retaining copies of records as Defendant could not be trusted to maintain original documents and Plaintiff had to safe guard evidence.

d.   Exhibit "E-3" attached is evidence that Plaintiff provided a copy of E-2 to defendant's corporate Human Resources department on April 29, 2002.   This should be among Defendant's corporate records.

8.   Kimberly Gilyard, RN asks that the Court award sanctions against Texas Laurel Ridge Hospital, LP d/b/a Laurel Ridge Hospital for its refusal to comply with a lawful discovery request.   Fed. R. Civ. P. 37(a)(4)(A).   Plaintiff asks the Court to award sanctions against Defendant.  The affidavit of Elizabeth L. Higginbotham, RN, JD, in support of the sanction, is attached as Exhibit F.

9.   The sanction requested is the least severe sanction available to meet the wrong.

### C.  Conclusion

10.   Defendant has no reasonable or credible basis to prevent Plaintiff's counsel from inspecting material evidence.  Therefore, Court should compel Defendant to respond adequately and should award Plaintiff sanctions associated with obtaining compliance with the rules.

Respectfully submitted,

HIGGINBOTHAM & ASSOCIATES LLC

By:_____
       Elizabeth Higginbotham RN, JD

3

State Bar No: 00787694
The Littlefield Building
106 E. 6th Street, Suite 900
Austin, Texas 78701
(512) 322-5719  Phone
 (512) 692-2752  Fax

CLAY DUGAS
Texas Bar No. 06173200
Mike Jacobellis
Texas Bar No. 10515100
CLAY DUGAS & ASSOCIATES
805 Park
Beaumont, Texas 77701
(409) 813-1111  Phone
(409) 813-1396  Fax

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was forwarded to the following counsel of record for Defendant via Court's electronic filing system, certified mail, and facsimile on this 14th day of March, 2008.

Mark W. Peters
Waller Lansden Dortch & Davis, LLP,
511 Union Street, Suite 2700
Nashville, Tennessee 37219

_____
Elizabeth L. Higginbotham, RN, JD

# HIGGINBOTHAM & ASSOCIATES LLC

### ELIZABETH L. HIGGINBOTHAM, RN, JD
www.texasnurse-law.com

**AUSTIN OFFICE**
THE LITTLEFIELD BUILDING
106 EAST 6TH STREET, SUITE 900
AUSTIN, TEXAS 78701
(512) 322-5719   OFFICE
(512) 692-2752   FAX

**DRIPPING SPRINGS OFFICE**
619 CANYON RIM DRIVE
DRIPPING SPRINGS, TEXAS  78620
(512) 829-4473   OFFICE
(512) 692-2752   FAX
lizh@texasnurse-law.com

February 18, 2008

Mr. Mark Peters, Attorney               ***Via Facimile 615/244-6804***
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219-8966

Re:   *Kimberly Gilyard, RN. v. Laurel Ridge Hospital LP dba Laurel*
      *Ridge Hospital;* U.S. Western District Court, San Antonio, Texas
      Case No. 5:07 CV-00650-OLG

Dear Mark:

I would like an opportunity to review the original personnel file of Ms. Gilyard, together with all original documents including Incident Reports and any other relevant documentation related to the April 7, 2002 Incident on the San Saba Unit.

Please advise us as to your ability to accommodate me in the next two weeks.

Yours very truly,

Elizabeth L. Higginbotham, RN, JD

ELH/cc



EXHIBIT
A

* also a member of Clay Dugas & Associates 805 Park Beaumont Texas 77701

**From:** Elizabeth L. Higginbotham, RN, J.D. [mailto:lizh@texasnurse-law.com]
**Sent:** Wednesday, March 05, 2008 8:47 AM
**To:** Mark Peters; lizh@texasnurse-law.com
**Cc:** Chelsea Munday; lclay@claydugas.com
**Subject:** Re: Gilyard v. Laurel Ridge

Dear Mark,

I have made at least three requests to view the original personnel file. I want to see the entire original file. As you have local counsel in San Antonio, I am certainly able to drive there and view the records; there is no need for either of us to fly anywhere. Regarding the depositions, I want four separate days as I anticipate that the nurses--Shelly, Shaun, Shawn and Kathy will take three full days and the three doctors can be done back to back in one day.

With regard to your request to depose my clients, I am happy to produce Barbara Starks after the depositions that I have requested are done as she obviously has personal knowledge of how black and white nurses are treated differently after alleged medication errors.

Concerning Ms. Warren, please advise your client to cease retaliating against her by assigning insufficient staff to her Unit for the purported excuse that the MHWs are "refusing" to work with her. This is a violation of licensing standards and is subject to TDFPS and DSHS reporting. If your facility cannot provide sufficient staff, Ms. Warren will be forced to invoke Safe Harbor to protect her license and the patients. Please advise Ms. Fincher that Laurel Ridge must abide by the law and accept a Safe Harbor refusal. Ms. Fincher has in the past stated that Safe Harbor does not exist and advised nurses to "turn in your keys and your badge" if they tried to refuse an assignment.

Regards,
Liz Higginbotham
Elizabeth L. Higginbotham, RN, J.D. *

Higginbotham & Associates LLC
The Littlefield Building
106 East Sixth Street, Suite 900
Austin, Texas 78701
(512) 322-5719 Office
(512) 692-2752 Facsimile

Dripping Springs Office
619 Canyon Rim Drive
Dripping Springs, Texas 78620

(512) 829-4473
(512) 750-6344 Cell
(512) 692-2752 Facsimile

liz@texasnurse-law.com

http://www.texasnurse-law.com/

http://www.claydugas.com/
*Also a member of Clay Dugas & Associates in Beaumont, Texas



"An individual is as strong as his or her prejudice. Two things reduce prejudice -- education and laughter."
-- Laurence J. Peter

-----Original Message-----
**From:** Mark Peters [mailto:Mark.Peters@wallerlaw.com]
**Sent:** Wednesday, March 5, 2008 09:04 AM
**To:** 'Elizabeth L. Higginbotham, RN, J.D.'
**Cc:** 'Chelsea Munday', lclay@claydugas.com
**Subject:** RE: Gilyard v. Laurel Ridge

Liz

Thanks for your email. I don't want to quibble with you over how many times that you have requested the file but I do want to get it straight. I'm only aware of your letter of February 18 and your letter of yesterday requesting to review the original file. If there is another request, please let me know. In any event, I am going to send you a copy of the original file, with Bates Numbers, today and you should have it tomorrow. We will coordinate with our local counsel and send you a couple dates that you can view the original at their offices in San Antonio.

Let's go ahead and get a couple of dates for the depositions of Ms. Starks and Ms. Warren. I am fine with doing those two after the ones that you have requested but I do not want to make a separate trip for them. I proposed the first two weeks of April for depositions in one of my recent letters to you. Do those dates work? Do you have any interest in double tracking the deps so we can get done in half the time?

With respect to Ms. Warren, do you have some knowledge that MHWs have not refused to work with her? If not, why do say it is a "purported" excuse? Do you have Ms. Fincher on tape saying that Safe Harbor does not exist and advising nurses to turn in their keys and badge if they tried to refuse an assignment? Maybe you do and if so, please let me know, because our client denies that same is occurring. I can't exactly advise my client to stop doing something that they're not doing but I will pass your message along to them, just as I have your others.

Regards,

Mark

WALLER LANSDEN DORTCH & DAVIS, LLP

**Mark W. Peters**
Partner
511 Union Street, Suite 2700
Nashville, TN 37219
Direct: 615-850-8888
Fax: 615-244-6804

mark.peters@wallerlaw.com

www.wallerlaw.com

# HIGGINBOTHAM & ASSOCIATES LLC

### ELIZABETH L. HIGGINBOTHAM, RN, JD
www.texasnurse-law.com

**AUSTIN OFFICE**
THE LITTLEFIELD BUILDING
106 EAST 6TH STREET, SUITE 900
AUSTIN, TEXAS 78701
(512) 322-5719  OFFICE
(512) 692-2752  FAX

**DRIPPING SPRINGS OFFICE**
619 CANYON RIM DRIVE
DRIPPING SPRINGS, TEXAS  78620
(512) 829-4473  OFFICE
(512) 692-2752  FAX
lizh@texasnurse-law.com

March 11, 2008

Mr. Mark Peters, Attorney
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219-8966

*Via Facimile 615/244-6804*
*and Regular Mail*

    Re:   *Kimberly Gilyard, RN. v. Laurel Ridge Hospital LP dba Laurel Ridge Hospital;* U.S. Western District Court, San Antonio, Texas Case No. 5:07 CV-00650-OLG

Dear Mr. Peters:

In regard to Ms. Higginbotham's email to you on March 5th, she would like to review the original personnel file of Ms. Gilyard, together with all original documents including Incident Reports and any other relevant documentation related to the April 7, 2002 Incident on the San Saba Unit.

Ms. Higginbotham is available on March 18, 19 or March 20th to review these documents. Please contact our office at 512/322-5719 to schedule the review of the above documentation.

Additionally, please supply this office with Notice of Change of local counsel's address and phone number in accordance with the TRCP.

Your immediate attention is greatly appreciated.

Sincerely,

CoPy

Linda K. Mendiola
Legal Secretary to
Elizabeth L. Higginbotham, RN, JD



**EXHIBIT**

C

\* also a member of Clay Dugas & Associates 805 Park Beaumont Texas 77701

1      A.   Not that I can recall at this time.  I don't

2  think so, but like I said, I would have to review all

3  of the rest of the records --

4      Q.   What records --

11:08  5      A.   -- prior to this --

6      Q.   -- would you have to review because you've

7  got a big old stack in front of you?

8      A.   Well, there's more and I actually saw some

9  today that -- that go even further that -- I mean,

11:08 10  that -- that are not included in the stack that I did

11  that I need to review because some of them they don't

12  look like --

13                    MS. HIGGINBOTHAM:  And for the

14  record --

11:08 15                    THE WITNESS:  Yeah.

16                    MS. HIGGINBOTHAM:  -- Counsel, those

17  are your clients -- actually your response to the EEOC

18  that --

19                    THE WITNESS:  So I -- yeah, I need to

11:09 20  review that.

21                    MS. HIGGINBOTHAM:  -- Ms. Gilyard has

22  not seen.

23                    THE WITNESS:  Yeah.

24      Q.   (BY MR. PETERS)  All right.  And I'll

11:09 25  represent to you that -- that we don't have any

**EXHIBIT**

D

S             ORTERS
PHONE:  (210)             X:  (210) 492-4959

1   documents that you sent to any state agency.  In fact,

2   this is the first time I've seen this April 28th

3   letter.  So I don't think you'll find any in that

4   stack.  If -- If -- If then -- if I'm correct, that

11:09   5   we've not produced any documents to you that you

6   submitted to any agency.  To the best of your knowledge

7   as you sit here today is this April 28th letter --

8       A.   To -- To the best --

9       Q.   Let me -- Let me finish.

11:09  10       A.   Okay.

11       Q.   You probably thought I was because I stopped.

12       A.   Yeah, stopped.

13       Q.   To the best of your knowledge, this April

14   28th letter -- that is the only report that you made or

11:09  15   submitted to any state agency regarding Laurel Ridge?

16       A.   To the best of my knowledge today.  Oh, as

17   far as just discipline -- Are you talking -- Are you

18   including the EEOC?

19       Q.   No, ma'am.

11:10  20       A.   Okay.  Well, yes, so far today.

21       Q.   Now, Ms. Gilyard, I noticed in some of the

22   documents that you provided to us they appear -- you

23   appear to have provided us with some patient records.

24   How would you have patient records in your possession?

11:10  25       A.   Patient records coming from the unit



| Previous | Next |

| OK | REPLY | REPLY ALL | FORWARD |
| DELETE | REPORT SPAM |

| Move To | Select One |

**From:** Chelsea Munday <Chelsea.Munday@wallerlaw.com>

[ add to contacts ]

**To:** Elizabeth L. Higginbotham, RN, J.D. <lizh@texasnurse-law.com>
**Cc:**

**Date:** Friday, March 14, 2008 10:42 am
**Subject:** Personnel File Review

Hi Liz-
I just wanted to give you an update on your request to review Ms. Gilyard's original file.  Brenda is out next week and we are just trying to find someone who can give you access to what you need.  I will let you know as soon as I hear.  Thanks for your patience.


**WALLER LANSDEN DORTCH & DAVIS, LLP**

**Chelsea D. Munday**
**Attorney-at-Law**
511 Union Street, Suite 2700
Nashville, TN 37219
Direct: 615-850-8059
Fax: 615-244-6804

chelsea.munday@wallerlaw.com

www.wallerlaw.com


***************************
We are required by IRS Circular 230 to inform you that any statements contained herein are not intended or written to be used, and cannot be used, by you or any other taxpayer, for the purpose of avoiding any penalties that may be imposed by federal tax law.

***************************
The information contained in this message and any attachments is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this message in error, you are prohibited from copying, distributing, or using the information. Please contact the sender immediately by return e-mail and delete the original message. ID442

**Attachments:** Text version of this message. (1KB)

| OK | REPLY | REPLY ALL | FORWARD |
| DELETE | REPORT SPAM |

| Previous | Next |



**EXHIBIT**
E

# WALLER LANSDEN DORTCH & DAVIS, LLP

### NASHVILLE CITY CENTER
511 UNION STREET, SUITE 2700
NASHVILLE, TENNESSEE 37219-8966
(615) 244-6380
FAX: (615) 244-6804
www.wallerlaw.com

1901 SIXTH AVENUE NORTH, SUITE 1400
BIRMINGHAM, ALABAMA 35203-2623
(205) 214-6380

520 SOUTH GRAND AVENUE, SUITE 800
LOS ANGELES, CALIFORNIA 90071
(213) 362-3680

Mark W. Peters
(615) 850-8888
mark.peters@wallerlaw.com

February 29, 2008

**VIA FIRST CLASS MAIL**

Elizabeth L. Higginbotham, RN, JD
Higginbotham & Associates
The Littlefield Building
106 East Sixth Street, Suite 900
Austin, TX 78701

> Re:   <u>Kimberly Gilyard, RN v. Texas Laurel Ridge Hospital, LP d/b/a Laurel Ridge Hospital</u>; U.S.D.C., W.D. Tex., Case No. 5:07-cv-00650

Dear Elizabeth:

I have your letter of February 18, 2008, requesting an opportunity to review the originals of the noted documents. I have never had anyone actually ask me to look at the originals before and I am curious whether you have some concern regarding the authenticity of the referenced documents. Second, I do not have any idea what the "April 7, 2002 Incident on the San Saba Unit" to which you are referring is. Third, if you have some notion that I am going to omit some documents from the documents I am going to provide you in response to your contemporaneously served Request for Production of Documents – and if you do, I hope you will share with me what I have done to give you that notion – perhaps we can compromise and thus not expend resources unnecessarily. To that end, I would propose that we respond to your contemporaneously served Request for Production of Documents and if for some reason you still want to see some originals after that, we can work through that process. Otherwise, one of us is going to be forced to fly to the other to look at documents and that, respectfully, is a huge waste of everyone's time and money at this point.

**EXHIBIT**

E1

1926550.1

WALLER LANSDEN DORTCH & DAVIS, LLP

February 29, 2008
Page 2

      I want to work with you to find a solution that makes sense for all of us.  Please give me a call at your convenience to discuss.

Very truly yours,

Mark W. Peters

MWP/ls
cc:    Chelsea D. Munday, Esq.

# COUNSELING/CORRECTIVE DISCIPLINE RECORD

**EMPLOYEE NAME:**  Kim Gilyard RN          **DEPT:** Nursing

**JOB TITLE:**                                                **DATE:** 4-8-02
**ACTION TAKEN:**  [ ]   Verbal Warning
                             [ X ]   Written Warning
                             [ ]   Probationary 30 – 60 – 90 Days
                             [ ]   Suspension Date Begins - _____
                                   Report to work Time - _____ and Date - _____
                                   Report to _____

*Detailed explanation or reason(s) for discussion (include what action is wrong/policy infraction and why it cannot continue):*
As per our phone conversation on 4-8-02 you over stepped your bounds by not following the chain of command and your were insubordinate by not calling the supervisor and calling the medical director. I appreciate your trying to help out on San Saba but you did not have all of your facts straight.

*Instruction to correct action (specific goals):*
Please follow the chain of command
*Anticipated action of act continues*
Probation
*NOTE: Failure to change behavior is indicated, or involvement in other situations requiring formal discussion, may result in disciplinary actions up to and including discharge, depending on the nature of the situation.*

_K Pierce RN DON_                                    _4-9-02_
Supervisor Signature                                    Date


_____                _____
HR Review                                                Date

*Are additional sheets attached?* [ ] YES  [ x ] NO
**Employee's Comments:** _____
_____
_____
_____
_____

*NOTE: The Employee's signature does not signify an admission of or agreement with the issues listed above but does acknowledge that they were discussed. The original will be placed in the employee's personnel record, and a copy will be provided to the employee. The employee understands the right to appeal through the formal grievance procedure.*


_____                _____
Employee Signature                                      Date


*mailed to home please send original back & signed to H.R. 4-9-02*

**EXHIBIT**

**E2**

FON

P-00106

phone in the therapy room on Brazos . When she came back to the nurses' station Sara claimed Kim Deutermin offered her no advice or support but proceeded to reprimand her by saying "I lay all the responsibility for this incident at your feet. You could lose your job for this and you should do whatever Kathy(Pierce) tells you to do." Sara Smith began hysterically crying. I did not feel safe in leaving her on the unit to handle the situation without the supervisor present. I call ed Dr. Benito Fernandez medical director to inform him of the situation and possibly obtain an order for transport and care of the patient. Dr. Fernandez gave no orders for transport but told me he would call Kathy [Pierce] . Betty White eventually arrived on the unit and Sara Smith had walked outside earlier crying hysterically after giving report to the next shift. Betty White, RN and I both went to look for Sara Smith on campus grounds. Sara Smith was found back on the unit crying on the phone and talking with an unidentified person. I advised her before leaving to always remember the care of the patient comes first and If she felt proper care is not being given to the patient the she always had the option to call 911. The care of the patient is the nurse's first priority. I left the unit in the care of the oncoming shift and Betty White, RN supv.

I received a phone call from Scott White on 4-8-02 0900 demanding I come in to see Kathy Pierce in her office right away. I told Scott White I could be seen by appointment only . I then call ed Kathy Pierce at her office to have her call me at home to make an appointment with me. Kathy discussed my involvement in the sexual abuse/assault incident on San Saba unit . She indicated she took steps to handle the situation and stated I over stepped my bounds and went over her head to call and notify the medical director Dr. Fernandez. I informed her of my involvement as an advisor in the situation with a complete description of the charge nurses reactions to the situation. I informed her as DON or AOC she did not have the authority to transport patients to the hospital . Only the attending physician or medical director can give orders. We had a very lengthy phone conversation about the responsibilities of the nurse involved in a crisis situation and discussed the lack of training and ongoing education concerning incidents of what to do and how to report incidents of patients having sexual contact at the hospital. Kathy ended by saying "My number is available on the unit in case you have any questions and next time please follow chain of command." I continued to insist as the AOC or DON she was not involved in determining the medical care of the patient. Kathy Pierce mailed a written counseling notice concerning the 4-7-02 incident (after giving me no indication she was going to counsel me) received on 4-9-02.

I have been subjected to employment harassment from Kathy Pierce, RN in the form of frivolous counseling due to my outspoken attitude on the dangerously low staffing levels and increasing patient and parent complaints concerning care on the unit. I previous to this incident have been outspoken concerning child patients possibly being charged for group therapy services not rendered on the weekend shifts and have also been met with an antagonistic attitude from some of the supervisors, administrators, and even doctors. Since this incident I have been experiencing openly rude behaviors from some of the doctors. Criticism from doctors about incidents not involving my patient care or pertaining to me.

I requested to have a meeting with Kathy Pierce and Human Resources to address my concerns on 4-22-02 at 1500. The head of the HR department Brenda Fredricks refused to sit in the meeting . She refused to listen to my concerns or view any of my written counseling notices via the mail . Brenda Fredricks excused herself and stated "I can't sit in with you today because I have a meeting with Ramona Keys." Brenda Fredricks did not advise me concerning my rights under the protection of HR. She told me to take my papers an d talk directly with Kathy Pierce. Brenda Fredricks apparently had prior knowledge of the incident but refused to take any statements of mine prior to the meeting. I asked for grievance procedure guidelines and Brenda Fredricks informed me there were none and just to write the incident up and turn it in. She also sent a HR representative Lois Pope to sit in who seemed to be unprepared and lacked knowledge of the situation . I later found Brenda Fredricks information to be false and that indeed there is a procedure to follow for employee complaints as stated in the employee handbook under the title Policy and Procedure for Handling Complaints. I realized I could not proceed with the Laurel Ridge grievance procedures due to a lack of employee support and advocacy. Kathy Pierce reviewed steps taken on 4-8- 02 to provide patient care to Jl         post incident. Kathy Pierce stated the younger patient had a long history of prostituting himself . She went on to say there would possibly be no anal tearing because she determined he had a prior sexual history.

2

FOIA

She said" The PA came to examine him the next day , but the patient refused." She became visibly upset when I asked her how did she know if the patient was too scared to talk about the rape?

Kathy went on to explain, "The child neither denied or admitted to the sexual incident and believed the sexual contact was consensual due to the younger child's sexual history. Kathy told me she called the police and the officer advised her if the parties were consensual the contact would not be rape. I reminded her the differences in ages would classify the incident as rape whether both parties were willing or not. Kathy Pierce had no reply. She went on to say "I am the final word on this incident and you went over my head to call Dr.Fernandez.. " I reminded her of the hospital policy concerning sexual abuse process and she replied," Those policies are left up to interpretation . " I replied," Why do we have these procedures if they are going to be left up to interpretation ?" Kathy also informed me during the meeting staff is never to call 911 for a patient due to the media monitoring reports over the police scanners which creates negative publicity for Laurel Ridge. Kathy went on to say she had a contract with a private ambulance company to transport patients and the service was cheaper. I told her I was aware of the ambulance service which was available to transport patients in non life threatening emergencies. I directly asked her if the transport people were EMT certified and were equipped to handle life threatening emergencies because traditionally the transport ambulance companies do not transport patients in critical condition. She assured me the ambulance service she contracted had the same skills and responsibilities of the 911 ambulance services and proclaimed to have contracted the service approximately three months ago. I doubted the validity of her statements but would not debate the point further . She ended by saying "You are never to call 911 and you also encouraged Sara to call 911."I reminded Kathy staff is informed in orientation by HR they have the right to call 911 if the situation is warranted. Nurses and MHW s both have the right to do so if they believe a patient is in danger or needs prompt medical attention. Kathy had no reply to the 911 issue. HR had no reply to any of my statements during my meeting with Kathy. No notes were taken and I was offered no support or advice. I informed Kathy Pierce at the close of the meeting I would be filing a grievance with HR. I talk ed with Brenda Fredricks after the meeting to discuss grievance procedure guidelines and was given false information. I feel at this time I should notify TDPRS and Brown Schools Corporate due to my knowledge of this incident and being subjected to harassment and misinformation at work. I may be forced to resign my position if attempts at harassment persist in order to protect my licensure. TDPRS or Brown Schools Corporate needs to investigate. Please interview witnesses off hospital grounds to ensure staff privacy and decrease possible intimidation or retaliation against witnesses. Rns : Sara Smith, Lucille Shonyo, and Sylvia Malone. L VNs : Julie Elmore and Dawn Forsbach. Please interview everyone including MHWs from evening and night shifts for accurate investigating.

I regret to say this is the future of psychiatric health care for children. Corporate business and potential for lawsuits drive caring nurses and employees out of the profession. Nurses are coerced and intimidated in to keeping quiet about incidents to protect their licenses and livelihoods. The morning of 4-8-02 all of the nurses declared Safe Harbor to Supervisor Chin White just to be able to provide patient care without liability due to the unit's unsafe conditions , high acuity, and lack of staff members.

This last year I and other staff have had to endure conditions I have not seen in my thirteen years of psychiatric experience. I have witnessed people being coerced and harassed to work when they are not scheduled . Persons terminated without support or advocacy from HR and having their unemployment denied or appealed with Texas Workforce Commission. I have heard patients and parents complain about the crowded and unclean conditions of the units after admission. Children asking " Why are the admitting more of us when we are already too crowded and everyone is fighting." I have also witnessed staff having to bring activities for the children out of their own pay due to supplies ordered but not making it to the unit. Rumors of past and present misappropriation and mismanagement of funds by hospital administrators. Potential defrauding of Medicaid and Medicare by possibly charging for groups on the children's unit and the children not participating in weekend group and individual therapy. Increasing complaints from parents concerning the chaotic state of the units upon visitations due to lack of staff. Increase of violent confrontations between patients and staff on the residential units housing juvenile offenders and administration refusing to hire staff to adequately staff these units. A current rash of

3

FOIA

sexual incidents patient to patient on all of the units. Inadequate investigation and lack of preventive measures and staff training to decrease reoccurrence of sexual incidents. Residential children attempting to seek spiritual guidance from staff members due to the lackadaisical attitude of administration in replacing the Chaplain . I have met with no success appealing to administrators to network with programs in the community to offer places for parents and children to seek help once being discharged from the hospital. I have access to many community programs which would be pleased to come in to help with the children while the children are in the hospital but have met with resistance and occasional ridicule at my desire to improve conditions for the children. Several times I have come in to children being discharged without any real discharge planning. No follow up physician or therapy appointments have been made for the patient. Leaving parents and children in crisis responsible for making their own plans for treatment and follow up thus neglecting a legal responsibility of the facility to provide adequate discharge planning. These situations leave the nurses and hospital at risk for possible litigation if patients leave the hospital and harm self or others due to inadequate transition of level of care. Parents are often confused about treatment received at the hospital.

   I was sitting at Ryan's restaurant on day this past month and a waitress I was talking to asked me what I did for a living and I told her I was a nurse. She asked me where I worked and I hesitated a minute before telling her Laurel Ridge Hospital. She said, " Boy ! that place is always getting sued. They are going to end up closing down." The waitress had such conviction in her voice a sadness came over me. The community has lost faith in our facility and our ability to care for the children of the community. I realize the above statements may cost me my position and I truly love working and caring for children.

   I wonder if Mr. Brown founder of The Brown Schools ever thought his purpose and mission to help children would ever be used to lure children in the hospital with promises of help and compassion to an experience filled with neglect, endangerment, confusion, and exploitation.
   Are there any facilities left still interested in helping and protecting the children???????????

State of Texas Bexar
County of
This instrument was acknowledged before me
on 4-29-02                                    by Kimblyn L. Gilyard
                                                    Janet S. Walsh
                                                              Notary Public

JANET L. WALSH
MY COMMISSION EXPIRES
September 19, 2005

Sincerely,

Kimberly L. Gilyard , RN

Signature   Kimberly L Gilyard, RN   4-29-02

4

FOIA

P-00110

1830 PROCEDURE FOR
PROCESSING SEXUAL ABUSE

Purpose

To report an act of sexual intercourse between a patient (male or female) and another person which may or may not have been entered into willingly by the patient. The implication is that the person entering into this relationship with the patient is taking advantage of the patient by virtue of age, developmental level, mental competency, or position. This classification would also include physical injury and repeated assaults.

Documentation

The staff member will inform patient not to shower or douche, and wear the same clothes that were worn when the incident occurred. The staff member will obtain as much information as possible from the patient and write an incident report and a detailed Supplementary Progress Note, along with obtaining a statement from the patient (in writing if possible). The staff member will inform the registered nurse and Facility Administrative Officer immediately. If so ordered by the physician, the staff will follow directives to transport the patient with an Emergency Medical Authorization to Medical Center - Rape Crisis Center as soon as possible after the order has been given.

Notification

1. In cases of sexual abuse, the Administrative Policies on Patient Neglect and Abuse and on Emergency Notification will be followed.

Coordination

2. The Program Director or his/her designee will coordinate team response to incident or allegations of sexual abuse.

Registered Nurse

3. Informs the Attending Physician and Unit Medical Director.

4. Obtains orders for rape exam, VDRL, G.C. culture, pregnancy test (if needed), BCP's (if needed), etc.

5. If there is further injury, extent of exam determined individually.

6. Sees that Consent to Treatment form goes with patient to Medical Center - Rape Crisis Center, if ordered.

FOIA

ADMINISTRATIVE POLICY ON PROCEDURE FOR PROCESSING SEXUAL ABUSE
Page 2

|  |  |  |
|---|---|---|
|  | 7. | Calls Medical Center - Rape Crisis Center to inform staff and attending physician that case is coming. |
|  | 8. | Writes detailed progress note regarding incident. |
| <u>Attending Physician</u> | 9. | Discusses incident with Associate Executive Director, and Program Director, and Unit Medical Director. |
|  | 10. | Makes determination that case is abuse/assault. |
|  | 11. | Gives orders for rape exam and lab tests as appropriate - if there is further injury, extent of exam determined individually. |
| <u>Facility Administrative Officer</u> | 12. | Informs Administrator |
|  | 13. | Informs Associate Executive Director |
| <u>Executive Director or Associate Executive Director</u> | 14. | Determines need to inform Department of Human Services within 24 hours. |
| <u>Program Director</u> | 15. | Coordinates means of informing parents or agency if applicable. |
|  | 16. | Documents in writing all efforts to reach parents/ agency if they are not available and need to be reached. |
|  | 17. | If classification is not clear-cut, gives input to attending physician. |
| <u>Associate Executive Director/Executive Medical Director/ Program Director</u> | 18. | Determine if and how incident is to be followed up and whether the hospital wishes to take responsibility for court action if parents do not etc. |



JANET L WALSH
MY COMMISSION EXPIRES
September 19, 2005

Revised   07-92 (A)

*Kimberly L Gilyard, RN* 4-22-02

State of Texas
County of _Bexar_
This instrument was acknowledged before me
on _4-22-02_                        by _Kimberly L. Gilyard_
                                        _Janet L. Walsh_
                                                        Notary Public

FOIA

P-00112



# MAIL BOXES ETC.®

# FAX TRANSMITTAL SHEET

Date: 4-29-02          Total Number of Pages: ___7___

Time: _0930_____

To: _ATTN: PaulA_____          Company: _Texas Department of Health_

Fax No.: _(512) 834-6653_

From: _Kimberly L. Gilyard, RN_ Company: _____

Phone No.: _(210) 946-4576_

*************************************************************************

Note: _If you need to contact me at home. Please feel free to do so. If I am not at home please leave a message._

This fax has been transmitted via Mail Boxes Etc. If there are any problems with this transmission, please call (210)590-1511.

This facsimilie may contain PRIVILEGED AND/OR CONFIDENTIAL INFORMATION intended only for the use of the addressee. If you are not the addressee, or the person responsible for delivering it to the person addressed, you may not copy or deliver this to anyone else. You are hereby notified that any dissemination or copying of the facsimilie is strictly prohibited. If you received this facsimlie by mistake, please immediately notify us by telephone. Thank you.



## MAIL BOXES ETC.®

It's Not WHAT We Do. It's HOW We Do It.™
It's Not WHAT We Do. It's HOW We Do It.™

**MAIL BOXES ETC #343**
**14080 NACOGDOCHES RD.**
**SAN ANTONIO, TX 78247**
**(210) 590-1511 FAX (210) 655-2658**

FOIA

P-00113

*MBE Pactic*

 **MAIL BOXES ETC.®**

# FAX
# TRANSMITTAL
# SHEET

Date: **5-14-02**          Total Number of Pages: **6**

Time: **10:35 Am**

To: **Tamara**          Company: **Alamo Children's Advocacy**

Fax No.: **(210) 675-9020**

From: **Kimberly L Gilyard**   Company: _____

Phone No.: **(210) 946-4576**

*************************************************************************

Note: **This is a copy of the letter I sent to TDPRS.**

_____

_____

_____

This fax has been transmitted via Mail Boxes Etc.  If there are any problems with this transmission, please call (210)590-1511.

This facsimilie may contain PRIVILEGED AND/OR CONFIDENTIAL INFORMATION intended only for the use of the addressee.  If you are not the addressee, or the person responsible for delivering it to the person addressed, you may not copy or deliver this to anyone else.  You are hereby notified that any dissemination or copying of the facsimilie is strictly prohibited.  If you received this facsimlie by mistake, please immediately notify us by telephone. Thank you.

 **MAIL BOXES ETC.®**

IT'S NOT WHAT WE DO. IT'S HOW WE DO IT.™
IT'S NOT WHAT WE DO. IT'S HOW WE DO IT.™

**MAIL BOXES ETC #343
14080 NACOGDOCHES RD.
SAN ANTONIO, TX 78247
(210) 590-1511 FAX (210) 655-2658**

*FOIA*



**MAIL BOXES ETC.**®

# FAX TRANSMITTAL SHEET

Date: __4 - 29 - 02__          Total Number of Pages: __8__

Time: __0930__

To: __Attn: Rod YOUNG__          Company: __Brown Schools Corporate Office__
    __VP of Human Resources__

Fax No.: __615 - 279 - 9124__

From: __Kimberly L. Gilpen, RN__   Company: _____

Phone No.: __(210) 946-4576__

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Note: __If you need to contact me at home please feel__
__free to do so. If I am out please leave a__
__message and I will get back with you ASAP.__

This fax has been transmitted via Mail Boxes Etc.  If there are any problems with
this transmission, please call (210)590-1511.

This facsimilie may contain PRIVILEGED AND/OR CONFIDENTIAL INFORMATION
intended only for the use of the addressee.  If you are not the addressee, or the person responsible
for delivering it to the person addressed, you may not copy or deliver this to anyone else.  You
are hereby notified that any dissemination or copying of the facsimilie is strictly prohibited.  If you
received this facsimilie by mistake, please immediately notify us by telephone. Thank you.



**MAIL BOXES ETC.**®

IT'S NOT **WHAT** WE DO. IT'S **HOW** WE DO IT.™
IT'S NOT **WHAT** WE DO. IT'S **HOW** WE DO IT.™

**MAIL BOXES ETC #343**
**14080 NACOGDOCHES RD.**
**SAN ANTONIO, TX 78247**
**(210) 590-1511 FAX (210) 655-2658**



**EXHIBIT**
**E3**

## AFFIDAVIT OF ELIZABETH L. HIGGINBOTHAM

STATE OF TEXAS            §
                                  §

IN THE COUNTY OF HAYS    §

      Elizabeth L. Higginbotham, RN, JD appeared in person before me today and, in the presence of the undersigned credible witnesses, stated under oath:

      "My name is Elizabeth L. Higginbotham. I am over the age of 18 and am competent to make this affidavit in every respect.

      I have not been convicted of any crime, and I have personal knowledge of each and every fact stated in this Affidavit and swear that the same are true and correct:

      1.      I am a licensed registered nurse and an attorney in the State of Texas. My licenses are on file with the proper authorities and have never been disciplined, suspended, or revoked or limited in any way. I am licensed to practice in the Western District of Texas.

      2.      I represent Kimberly Gilyard, RN ("Plaintiff"). The Defendant in this suit is Texas Laurel Ridge Hospital LP, d/b/a Laurel Ridge Hospital ("Defendant").

      3.      I have received copies of the alleged original personnel records for Kimberly Gilyard, RN. Defendant Texas Laurel Ridge Hospital LP, d/b/a Laurel Ridge Hospital has produced different copies of what are purported to be Kimberly Gilyard, RN's personnel record. Specifically, Defendant produced a copy of the personnel record to the Board of Nursing for the State of Texas which is different then the copy recently provided to Plaintiff's counsel by counsel for Defendants. Despite repeated requests, defense counsel continues to delay in allowing Plaintiff's counsel access to inspect material records. It should be noted that Defendant's local counsel is literally across Highway 1604 from the Defendant facility.

      4.      Plaintiff has exhausted every avenue of relief short of filing this Motion. Attorney's fees are $250.00 per hour. A total of no less then four (4) hours have been and will expended in filing and arguing this Motion same be necessary.

**Further Affiant Sayeth not**.

_____

SIGNATURE OF AFFIANT

Elizabeth L Higginbotham, RN, JD
PRINTED NAME OF AFFIANT



**EXHIBIT**

F

1

SUBSCRIBED AND SWORN TO BEFORE ME the 14th day of March, 2008, personally appeared Elizabeth L. Higginbotham, RN, JD, known to me to be Elizabeth L. Higginbotham, RN, JD, to certify which witness my hand and official seal.



CANDISE KAY CLARK
Notary Public, State of Texas
My Commission Expires
NOV. 21, 2009

Signature of Notary Public
IN AND FOR THE STATE OF TEXAS

Print Name:

CANDISE KAY CLARK

My Commission Expires: November 21, 2009

2

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KIMBERLY GILYARD, RN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO.  5:07-cv-00650-OLG** |
| | § | |
| **TEXAS LAUREL RIDGE** | § | |
| **HOSPITAL LP, d/b/a LAUREL RIDGE** | § | |
| **HOSPITAL,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER GRANTING MOTION TO COMPEL

On this day came on to be heard the Motion to Compel Production of Documents.  The Court is of the opinion and so finds that the Motion should be and hereby is in all things GRANTED.  Defendant is hereby ordered to produce original Personnel Records including original documents related to the April 7, 2002 incident on or before _____.

Date: _____

_____
UNITED STATES DISTRICT JUDGE