IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KIMBERLY GILYARD, R.N., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No. 5:07-CV-00650 |
| | ) |
| TEXAS LAUREL RIDGE HOSPITAL | ) |
| LP DBA LAUREL RIDGE | )    JUDGE ORLANDO GARCIA |
| HOSPITAL, | ) |
| | ) |
|    Defendant. | ) |
| | ) |
| | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL**

## I. Introduction

Plaintiff's Motion to Compel is not well-taken, wastes the Court's and the parties' resources, falsely accuses Defendant and its counsel of unethical conduct, attempts to deflect attention away from Plaintiff's decision to dispense medication to a young child without physician approval – for which she was terminated – and it should be denied as a matter of fact and law because:

- Defendant has produced a complete and unaltered copy of Plaintiff's personnel file to her counsel, has allowed Plaintiff's counsel to review the original personnel file at Defendant's facility and has agreed to provide a color copy of Plaintiff's personnel file to Plaintiff's counsel;

- Defendant has no documentation regarding an alleged incident on April 2, 2002 on the San Saba Unit, most likely because – as reflected on the "counseling" form for that incident – the original document was mailed to Plaintiff's home for her to review, respond

1973703.2                                                                   1

> and return it to the facility, which she never did. Moreover, Defendant was owned by a different corporate entity in 2002 than today and its current corporate parent does not have the former corporate parent's documents.

Plaintiff may not like those facts but it does not change them. There is nothing to compel because Defendant has provided Plaintiff with what she has requested that it has in its possession, custody or control. Respectfully, this could have and should have been resolved between counsel rather than wasting the Court's resources and time by filing this Motion, just as Plaintiff's request to extend the discovery period was handled and agreed to by undersigned counsel.

## II. Factual Summary

On February 18, 2008, Plaintiff served Defendant with 114 discovery requests and a letter requesting to review Plaintiff's original personnel file and documents concerning a 2002 disciplinary issue. See Declaration of Chelsea Munday ("Munday Declaration") at ¶ 3 and Ex. 1. Apparently, Plaintiff's counsel had sent a letter via facsimile on January 16, 2008 requesting review of the personnel file but had used the wrong area code and faxed it to the wrong phone number. Munday Declaration at ¶ 4 and Ex. 2. Defendant initially believed that Plaintiff had already received a copy of the personnel file, see Munday Declaration at ¶ 5 and Ex. 3, and upon realizing that Plaintiff's counsel had not previously requested a copy despite their disclosure many months prior, provided a copy of the personnel file via overnight mail. See Munday Declaration at ¶ 5 and Ex. 4.

Plaintiff again requested to see the original documents, and, as undersigned counsel had offered to do previously if Plaintiff's counsel had some question about the documents' authenticity, Defendant's counsel agreed to allow an in person inspection. See Munday Declaration at ¶ 6. Undersigned counsel then began the process of coordinating the document review with Defendant's Human Resources Director and local counsel. Munday Declaration at ¶ 7.

In the meantime, Plaintiff sent a letter proposing March 18-20 as potential dates for the review. See Munday Declaration at ¶ 7 and Ex. 5. Over the course of the next few days, undersigned counsel continued to work with Defendant on a proposed solution because Defendant's Human Resources manager, the only employee with access and authorization to allow such a review, would be out of the office on vacation on the dates Plaintiff requested to review the file. Munday Declaration at ¶ 7. Instead of postponing the review and refusing Plaintiff's request, Defendant sought another appropriate individual to conduct the review and at 10:00 am on March 14, 2008, undersigned counsel informed Plaintiff's counsel it was still looking for such an appropriate person and would let her know immediately once that was done. Munday Declaration at ¶ 7 and Ex. 6.

At 3:12 p.m., undersigned counsel informed Plaintiff's counsel via email that the review could take place as proposed and that an appropriate representative would be available on March 19, 2008, a date Plaintiff had previously told Defendant she was available. Munday Declaration at ¶ 8 and Ex. 7. Nonetheless, Plaintiff filed the pending Motion to Compel. See Docket Entry No. 25.

Since filing the Motion, Plaintiff's counsel has viewed the personnel file. Munday Declaration at ¶ 9. Apparently, there is some continuing confusion over what documents constitute Plaintiff's "personnel file," because the "personnel file" (along with other documents) have been produced in a variety of different forums (e.g., to the Texas Board of Nursing, the Equal Employment Opportunity Commission, this litigation). Undersigned counsel has attempted to clear up whatever confusion there may be, see Munday Declaration at ¶ 9 and Exs. 8-10, but Plaintiff's counsel has refused to accept that explanation and persists in pursuing this Motion.

### III.  Legal Analysis

**A.  DEFENDANT HAS PRODUCED A COMPLETE COPY OF PLAINTIFF'S PERSONNEL FILE, HAS AGREED TO PRODUCE A COLOR COPY OF PLAINTIFF'S PERSONNEL FILE AND HAS ALLOWED PLAINTIFF'S COUNSEL TO INSPECT PLAINTIFF'S PERSONNEL FILE.**

Defendant has agreed to everything that Plaintiff has requested in her Motion regarding her personnel file.[1] Her Motion therefore is moot and must be denied. United States v. Mack, 48 F. Supp. 2d 708, 710 (S.D. Tex. 1999) (holding motions concerning issues that had already been discussed were mooted and therefore denied); Coopervision, Inc. v. Ciba Vision Corp., 2007 U.S. Dist. LEXIS 57111, *9-10 (E.D. Tex. 2007) (denying as moot a motion to compel documents that had already been produced).

---

[1] Plaintiff has also requested to depose the individual who physically bates numbered the documents. If Plaintiff's counsel wants to travel to Nashville, Tennessee and depose the individual in undersigned counsel's law firm copy department who placed the bates numbers on the documents, she is welcome to do so but that is, respectfully, a waste of everyone's time, energy, effort and money.

**B.  DEFENDANT HAS PRODUCED ALL DOCUMENTS IN ITS POSSESSION, CUSTODY OR CONTROL REGARDING AN ALLEGED INCIDENT IN APRIL OF 2002.**

After a diligent search, Defendant has no documents in its possession, custody or control regarding the alleged incident in April of 2002. As set forth herein, the likely explanation for the lack of documentation is that Plaintiff took the original disciplinary write-up home with her to review, respond to and return but she never did. This is an important issue for Plaintiff because it is the only possible fact – tenuous and remote in time as it is – that she has to support her allegation that her termination in October of 2006 was in retaliation for filing a complaint with the State four years earlier.

The documents to which Plaintiff's counsel refers in her Motion and which were attached an exhibit to Plaintiff's deposition, were produced by Plaintiff, not Defendant. See Docket Entry 25 at Ex. E2. Plaintiff's Motion mocks Defense counsel's inquiries regarding the purported incident by claiming that Defendant must know about the incident because of two questions counsel asked in Plaintiff's day long deposition and a fax cover sheet (which has no attachments) that she sent to someone at The Brown Schools, which was Defendant's prior corporate parent. See Docket Entry 25 at 2-3 and Exs. D; E3. Undersigned inquiries were sincere and remain sincere for the reasons stated herein.

The law is clear that a Motion seeking information that does not exist is moot and must be denied.  <u>In re Merscorp Inc.</u>, 2008 U.S. Dist. LEXIS 10054, *14 (S.D. Tex. 2008) (denying as moot a motion to compel depositions that already took place, information that did not exist and documents the parties had stipulated were not relevant).  That is exactly the situation here.  Undersigned counsel has explained this fact to Plaintiff's counsel without avail.

### IV.  Conclusion

For the reason set forth herein, the Court should deny Plaintiff's Motion to Compel and, pursuant to Fed. R. Civ. P. 37(a)(4)(B), should award Defendant its fees and costs for having to respond to this Motion.[2]

/s/ Chelsea D. Munday
Mark W. Peters (Admitted Pro Hac Vice)
Chelsea D. Munday (Admitted Pro Hac Vice)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
P. O. Box 198966
Nashville, TN  37219-8966
615-244-6380
615-244-6804 (fax)

Shannon B. Schmoyer (Texas Bar No. 17780250)
Justin Sobey (Texas Bar No. 24037524)
SCHMOYER REINHARD LLP
3619 Paesanos Parkway, Suite 202
San Antonio, TX 78231
210-447-8035
210-447-8036 (fax)

Attorneys for Defendant

---

[2]  Undersigned counsel estimates that Defendant has incurred approximately $2,000.00 in attorneys' fees in responding to Plaintiff's Motion, <u>see</u> Munday Declaration at ¶ 10, and is willing to submit proof of same if the Court determines that such an award is appropriate.

## **CERTIFICATE OF SERVICE**

  I certify that a copy of the foregoing document has been served via the Court's Electronic Filing System upon:

>Elizabeth Higginbotham
>Higginbotham & Associates LLC
>106 E. 6th Street, Suite 900
>Austin, Texas 78701
>
>Clay Dugas
>Clay Dugas & Associates
>805 Park
>Beaumont, Texas 77701

on this the 28th day of March, 2008.

            /s/ Chelsea D. Munday