UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
SAN ANTONIO DIVISION

FILED
APR 17 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| KIMBERLY GILYARD, RN, § | |
| Plaintiff, § | |
| § | |
| v. § | CAUSE NO. SA-07-CA-650-OG |
| § | |
| TEXAS LAUREL RIDGE HOSPITAL LP, § | |
| d/b/a LAUREL RIDGE HOSPITAL, § | |
| Defendant. § | |

## ORDER DENYING MOTIONS TO COMPEL

This is an employment discrimination case. Before the Court are plaintiff's motion to compel and supplemental motion to compel. (Docket nos. 25, 29.) Plaintiff seeks to compel production of her original personnel file "together with all original documents including Incident Reports and any other relevant documentation related to the April 7, 2002 incident on the San Saba Unit." Plaintiff contends that upon review of the file produced by defendant, 22 pages of the file did not correspond to the personnel file provided by defendant under subpoena to the Texas Board of Nursing, that many records were photocopies rather than originals, and that other records had been altered from copies previously provided and bore ink of various colors not evident on previously provided copies.

Defendant asserts that it has produced a complete and unaltered copy of plaintiff's file and has agreed to provide a color copy of the file. Defendant also asserts that it has arranged a time for plaintiff's counsel to view the original personnel file on March 19, 2008, a date plaintiff's counsel said she was available, but instead plaintiff's counsel filed the present motion to compel. In short, defendant contends that it has provided plaintiff everything she has requested that is within its possession, custody or control. FED. R. CIV. P. 34 only requires a party to produce

documents that are in the party's "possession, custody or control." A party cannot be compelled to produce documents that are not in its possession, custody or control.

Regarding the 2002 incident, plaintiff states in her motion that defendant produced the documents relating to the 2002 incident in January 2008. See Supplemental motion at ¶ 10.b. Thus, her motion to compel production of those documents is moot. See Coopervision, Inc. v. Ciba Vision Corp., No. 2:06CV149, WL 2264848 at *5 (E.D. Tex. Aug. 6, 2007) (motion to compel documents that had already been produced is moot).

It is unclear from plaintiff's motions why she persisted in filing them. Her attorney was provided copies of plaintiff's personnel file and an opportunity to view the original file in person. Defendant's attorney was attempting to work with plaintiff's attorney to clear up confusion over what documents constitute plaintiff's personnel file. Further, plaintiff admits in her motions that defendant produced the documents relating to the 2002 incident. Thus, those documents had been produced when plaintiff filed her motion to compel their production. Defendant states that it has produced everything within its possession, custody or control. It appears that no genuine discovery dispute exists and that the present motions to compel were unnecessary.

Plaintiff's motion to compel and supplemental motion to compel (docket nos. 25, 29) are DENIED. Defendant is reminded that it remains obligated to supplement its response with any document it discovers in its possession, custody or control responsive to plaintiff's' requests, and that failure to do so will likely preclude defendant from introducing that document at trial, or in support or defense of a dispositive motion. See FED. R. CIV. P. 37(c).

Defendant requests its attorney's fees incurred in responding to plaintiff's motions. FED. R. CIV. P. 37(a)(5)(B) mandates an award of attorney's fees if the motion to compel is denied and

the motion was not substantially justified or other circumstances make an award of expenses unjust. Defendant shall offer proof of its reasonable expenses incurred in opposing plaintiff's motions, including attorney's fees, within 11 days after the entry of this motion. Plaintiff shall have 11 days to file a response affirmatively demonstrating that her position was substantially justified or that other circumstances make an award of expenses unjust.

SIGNED this __17__ day of __April__, 2008.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

3